1  Kissandra L. Tysman
2  State Bar of Arizona # 24577
3  Tysman Law Firm PLC
   5616 E. McKellips Road, Suite 101
4  Mesa, Arizona 85215-2763
5  Tel: (480) 654-6540
   Fax: (480) 654-6544
6  E-mail: tysman@legaljustice.com
7  Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Carol W. McGatha,<br><br>    Plaintiff,<br><br>vs.<br><br>Southwest Kidney Institute, PLC, an Arizona professional limited liability company,<br><br>    Defendant. | Case # CV 10-<br><br>**CIVIL COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Plaintiff Carol W. McGatha, by Kissandra L. Tysman, Tysman Law Firm, PLC, seeks relief in this Complaint and Demand for Trial by Jury against Defendant Southwest Kidney Institute, PLC, an Arizona professional limited liability company, on her claim for relief for violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 623(a)1.

This Complaint and Demand is filed pursuant to Federal Rules of Civil Procedure, Rules 3, 7(a)1, 8(a) and 38(a,b).

## FACT ALLEGATIONS AND JURISDICTION

1. The Plaintiff, Carol W. McGatha ("CWM") is, and has been at all times material to this Complaint, an adult female resident of Maricopa County, Arizona. She was born in 1950.

2. The Defendant, Southwest Kidney Institute, PLC ("SKI"), was, at all times material to this complaint:

   (A) An Arizona professional limited liability company, with its principal place of business and main office located in Tempe, Arizona; and

   (B) A medical care provider specializing in kidney disease management; and

   (C) An employer of more than 100 persons; and

   (D) The "employer" of CWM and was engaged in an industry affecting commerce as that term is defined in 29 U.S.C. 630(b)

3. CWM was employed as a registered nurse (licensed as such by the Arizona Board of Nursing) by SKI from July 7, 2008 until May 27, 2010, when SKI fired CWM effective immediately, without good cause.

4. CWM was an "employee" of SKI as that term is defined in 29 U.S.C. 630(F).

5. This claim arises under federal law, to-wit: 29 U.S.C. 623(a)1 (ADEA).

6. Based upon the foregoing, supra, the United States District Court for the District of Arizona has jurisdiction for this action pursuant to 28 U.S.C. 1331, and 29 U.S.C. 626(c).

7.   When SKI hired CWM, her supervisor was Jill Rogers, and Ms. Rogers considered CWM to be a very satisfactory and competent employee.

8.   Ms. Rogers eventually left SKI, and then Brandi Roland became CWM's new superior. Ms. Roland's age was and is approximately mid-thirties.

9.   After Ms. Roland became her supervisor, CWM observed and experienced a pattern of hostility towards her from Ms. Roland. On November 20, 2009, Ms. Roland told CWM that "This job is just not a good match for you". CWM was shocked and surprised and said that she loved her job. Ms. Roland said that CWM's patient load was half of what it had been because some had died and some were winter visitors that were in Arizona temporarily. Ms. Roland then said that "It's going to get busy and you can't keep up." Ms. Roland then criticized CWM's scheduling practices for patients and CWM responded by asking what she should do differently, but Ms. Roland refused to answer, which was part of a pattern of non-communication by Ms. Roland toward CWM.

10.   Although SKI nurses were entitled to receive performance evaluations at least once a year, Ms. Roland failed to provide CWM with such evaluations.

11.   Upon information and belief, the decision maker for hiring and firing nurses for SKI was Ms. Roland, and Ms. Roland hired only younger nurses under the age of forty, rejecting applications for employment from nurses over the age of forty.

12.   Although CWM had performed her professional duties for SKI in a loyal, satisfactory and competent manner, Ms. Roland nonetheless

decided to fire her because of her age and her desire to replace her with a younger worker, in a willful violation of the ADEA.

13. Upon information and belief, SKI replaced CWM with a nurse who was substantially younger than she was.

14. Based upon these facts, supra, on May 28, 2010, CWM filed a timely "charge of discrimination" with the United States Equal Employment Opportunity Commission ("EEOC"). Her charge states that she suffered age discrimination by SKI during her employment including the termination of her employment on May 27, 2010, because of her age, in EEOC charge #540-2010-02597. A true copy of that EEOC charge is attached as Exhibit #1 infra, and incorporated herein by reference pursuant to Federal Rules of Civil Procedure Rule 10(c).

15. On August 18, 2010, the EEOC issued its dismissal and notice of suit rights for charge #540-2010-02597 supra, authorizing this claim for relief for age discrimination in employment. A true copy of that EEOC dismissal and notice is attached as Exhibit #2 infra, and incorporated herein by reference pursuant to Federal Rules of Civil Procedure Rule 10(c).

16. This Complaint is filed within ninety days of CWM's receipt of the EEOC notice, Exhibit #2 attached infra.

17. To cover up its violation of the ADEA, and out of malice and meanness, when CWM applied to the Arizona Dept. of Economic Security ("ADES") for unemployment benefits after being fired by SKI, SKI falsely reported to the ADES that it had fired her for "gross misconduct". SKI not only fired CWM, but then (A) tried to persuade the ADES to deny unemployment benefits to CWM that she was entitled to and needed for survival, and (B) damaged her reputation and ability to find new

employment as a registered nurse by alleging she was fired for "gross misconduct". See Exhibit #3 infra, which is attached and incorporated herein by reference pursuant to Federal Rules of Civil Procedure, Rule 10(c).

18. If SKI had truly believed that CWM was guilty of any "gross misconduct", then it was obligated to file a report of such misconduct with the Arizona Board of Nursing to protect the public, but neither SKI nor any SKI employee ever made such a report.

19. After an investigation, the ADES (A) determined that SKI's allegation that CWM had refused to follow reasonable instructions was not proven because SKI failed to provide any evidence to prove such allegation, and therefore (B) awarded unemployment benefits to CWM while she seeks new employment. See Exhibit #4 infra, which is attached and incorporated herein by reference pursuant to Federal Rules of Civil Procedure, Rule 10(c).

20. As the direct and proximate result of SKI's conduct alleged herein, CWM has suffered damages including, inter alia, a loss of income which continues to the present date, fear as to how she will survive without continued unemployment benefits which may expire before she can find a new job, and her career with SKI which she planned to continue until she retired at the age of seventy.

21. Since her termination by SKI, CWM has made diligent efforts to find new suitable employment but has been unsuccessful, primarily because of (a) her age, (b) the fact that she was fired from her last job with SKI, infra, and (c) high unemployment in the local area where she resides.

22. Since her termination by SKI, when CWM has applied to prospective employers for a new job, she has been compelled to disclose

to prospective employers the fact that she was fired by SKI and accused of "gross misconduct" although such "reason" was totally false and a pretext to cover-up SKI's real reason for firing her, her age.

## DEMAND FOR TRIAL BY JURY

The Plaintiff demands a trial by jury, pursuant to the U.S. Constitution Seventh Amendment, Federal Rules of Civil Procedure Rule 38 (a,b), and 29 U.S.C. 626(c)2.

## RELIEF REQUESTED

Based upon the foregoing, Plaintiff CWM respectfully requests judgment and orders granting her the following relief against Defendant SKI on her claim of Age Discrimination, 29 U.S.C 623(a)1, pursuant to 29 U.S.C. 626(b) and 29 U.S.C. 216(b):

1. All wages, salary, employment benefits and other compensation denied or lost by CWM as a result of being fired by SKI on May 27, 2010, including front pay, to be doubled pursuant to 29 U.S.C. 216(b).

2. Injunctive relief pursuant to 29 U.S.C. 626(b).

3. CWM's reasonable attorneys fees pursuant to 29 U.S.C. 216(b), and Federal Rules of Civil Procedure, Rule 54(d)2.

4. CWM's taxable costs pursuant to 29 U.S.C. 216(b), 28 U.S.C. 1920, and Federal Rules of Civil Procedure, Rule 54(d)1.

Respectfully submitted this 15th day of November, 2010.

s/ Kissandra L. Tysman
Kissandra L. Tysman, Attorney for Plaintiff
Tysman Law Firm PLC

## ATTACHED EXHIBITS

1. EEOC charge #350-2010-02597 (filed by CWM v. SKI on May 28, 2010)
2. EEOC notice of dismissal and right-to-sue (dated August 18, 2010)
3. SKI statement of reason for termination of CWM submitted to ADES
4. ADES Determination of Eligibility of CWM for Unemployment Benefits